## DAMERON v. WILLIAMS, trustee of ARNOLD.

1. Trespass *vi et armis* will not lie against the plaintiff in an execution for the act of the officer, who levied on plaintiff's property by the direction of the defendant, the latter not being present at the levy, nor in any other manner aiding the officer.

2. A. conveyed certain property to B. in trust to secure to C. a debt due him from A. In an action by B. against D. for taking the property, A. was held incompetent to prove that the property taken was the same that he had conveyed to B., as A. had a residuary interest in the property.

3. If the plaintiff, in an execution issued on a judgment rendered by a justice of the peace, wishes to show himself a judgment creditor, for the purpose of contesting the validity of a deed, he must produce the whole transcript of the justices' docket, that it may appear not only that there was an execution, but a judgment to warrant the execution, and other previous proceedings to warrant the judgment.

*Todd for Plaintiff.*

1st. The court erred in admitting Duncan, the grantor in the deed, to testify; he was interested in increasing the remaining funds after paying Arnold's debt, which were to revert to himself.

2d. The deed of trust was void in law, and gave no title to Williams, the plaintiff: first, because it was covenanted, and the property did remain in the grantor's possession after executing the deed.

3d. The deed was fraudulent and void, in fact, because the grantor used the property as his own, and traded upon and sold the estate with the grantees knowledge.

4th. The verdict should have been for the defendant, as no act of trespass was proven to have been committed by defendant. Trespass will not lie for the assent in receiving money made by a levy illegally made by an officer. Second, No actual possession was in plaintiff, which is necessary to sustain the action, or a general right of property.

5th. The plaintiff cannot now object to the defendant not having proven himself a judgment creditor, to resist the deed as fraudulent; for, 1st, the plaintiff's declaration alleges the fact; 2d, the plaintiff proved the fact; 3d, the plaintiff made no exception in the court below to the defendant's right to prove the deed fraudulent.

*Opinion of the Court by Tompkins, Judge.*

Williams brought his action of trespass against Dameron, and had a judgment against him, to reverse which Dameron prosecutes this writ of error.

The declaration is in these terms, viz: " For that the said Joseph Dameron on, &c., at &c., with force and arms, (he the said Joseph Dameron being the plaintiff in two executions then and there in the hands of the acting constable of Marion township, in said county of Monroe, which said executions were against one David Duncan, and then and there directed James Porter, the said Porter then and there being the acting constable of Marion township aforesaid, to

levy on two horses, three cows, &c., of the goods and chattels of the said plaintiff, to satisfy two certain executions in the hands of said Porter, at that time as constable as aforesaid, in favor of said Dameron, and against one David Duncan ; and the plaintiff avers that the said constable, in pursuance of the direction of the said defendant Dameron, did levy on and seize the said property of the said plaintiff, and kept and detained the said property from the said plaintiff for a long space of time, &c., and then and there carried away the same to the use of the said defendant, &c."

To this declaration Dameron pleads not guilty, and issue was joined.

The evidence is, that David Duncan, the person mentioned in the declaration, had by deed conveyed to Williams, the plaintiff in this suit, the property charged in the declaration to have been taken and sold by the constable. This property was conveyed to Williams in trust for one William Arnold, to secure to Arnold the payment of a sum of money due by bond from Duncan to Arnold ; and of which property the residue was to be returned to Duncan, after the debt, &c. was paid to Arnold. Duncan was admitted as a witness to prove that the property taken and sold by the constable was the same which he by his deed had conveyed to Williams, the plaintiff, for the purpose of raising money for the use of Arnold as aforesaid, the sale by the constable, &c.

There was no evidence that Dameron, the defendant, was present aiding and assisting the constable in taking this property into his possession, under the authority of the executions in which he was plaintiff. No evidence was offered to connect Dameron with the constable in the taking and carrying away the property. It was not in evidence that he was even present looking on.

The defendants made their objections to the admission of Duncan as a witness, and excepted to the opinion of the court in that behalf.

The defendants moved in arrest of judgment, and for a new trial, assigning for reason, among other things, that the finding of the court, acting as a jury, was against law and evidence.

Trespass *vi et armis* will not lie against the plaintiff in an execution for the act of the officer, who levied on plaintiff's property by the direction of the defendant, the latter not being present at the levy, nor in any other manner aiding the officer.

AUGUST TERM.
1841.

Dameron v.
Williams.

It is assigned for error that the court committed error in refusing a new trial. 2d, In admitting the evidence of Duncan.

The declaration is in form a declaration in trespass *vi et armis ;* all the matter set out in it is such as would entitle a plaintiff to an action for consequential damages only.

· If Williams, in his fiduciary character, sustained any injury by the taking and selling of this property, it was in consequence of the·*direction* or advice of Dameron to the constable, and not in consequence of any act of Dameron himself : and had the constable, acting under the authority of Dameron's execution, sold the same property, without having had any communication with Dameron, plaintiff in the execution, he, Williams, might, notwithstanding, have maintained his action on the case against Dameron; for the constable sold the property for the benefit of Dameron, and at his implied request.

The constable, but for the trial of the right of property testified to in the evidence preserved, would have himself been liable to be sued in trespass. It may be asked, if the facts from which the injury results are set out, what does it signify, whether the form of the action be trespass *vi et armis*, or trespass on the case. If an action of trespass on the case had been brought, the defendant might have given in evidence, under the general issue, any thing that would justify him in taking and selling the property; while in an action for a trespass vi et armis he is, under that issue, restricted to a denial of having taken the property. In an action of trespass vi et armis, it should have been charged that Dameron took the property himself; and such an allegation would have been supported by proof that he, in company with the constable, took it, &c.

The court committed error, also, in admitting Duncan to testify. The interest of Duncan was not, as is contended, equally balanced. True it is, the property taken from this fund goes to satisfy another debt. But he had a residuary interest in the fund conveyed to the plaintiff, Williams, for the use of Arnold. This fund he would keep in his possession longer than other property not therein included. Be-

A. convey-
ed certain
property to B.
in trust to se-
cure to C a
debt due him
from A. In an
action by B.
against D. for
taking this
property, A.

AUGUST TERM, cause then the action was ill conceived; nothing set out in
1841. the declaration going to show a trespass, and no evidence
of a trespass has been given, and moreover, because the
court permitted Duncan, the maker of the deed, to be made
a witness for the plaintiff in this suit, its judgment is reversed.

Dameron  v. Williams.

*was held incompetent to prove that the property taken was the same that he had conveyed to B., as A. had a residuary interest in the property.*

The defendants contended that because the plaintiff had himself introduced the executions of Dameron in evidence, it appears that they were judgment creditors, and therefore they had a right, even under this issue, to contest the validity of the deed of Duncan to Williams.

*If the plaintiff, in an execution issued on a judgment rendered by a justice of the peace, wishes to show himself a judgment creditor, for the purpose of contesting the validity of a deed, he must produce the whole transcript of the justices' docket, that it may appear not only that there was an execution, but a judgment to warrant the execution, and other previous proceedings to warrant the judgment.*

An execution I understand to be an *authority to* the officer, who by it is commanded to execute and sell property. But if the plaintiff in the execution wishes to show himself a judgment creditor, he must produce the whole transcript of the justices' docket, that it may appear not only that there was an execution, but a *judgment* to warrant the execution, and other previous proceedings to warrant the judgment.